**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAMONT SHEPHERD,

        Petitioner,

v.                               Case No. 05-CV-71936-DT

CAROL HOWES,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

Lamont Shepherd ("Petitioner"), a Michigan prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Following a jury trial in the Wayne County Circuit Court in 2001, Petitioner was convicted of first-degree home invasion with intent to commit larceny, Mich. Comp. Laws § 750.110a(2), unlawfully driving away an automobile ("UDAA"), Mich. Comp. Laws § 750.413, and receiving stolen property between $1,000 and $20,000, Mich. Comp. Laws § 750.535(3)(a). Petitioner was sentenced to 10 to 20 years imprisonment and two concurrent terms of 3 to 10 years imprisonment on those convictions, respectively.

In his pleadings, Petitioner raises claims concerning the jury instructions, the sufficiency of the evidence, the conduct of the prosecutor, and the effectiveness of defense counsel. For the reasons stated below, the court will deny the petition for a writ of habeas corpus.

1

## II.  BACKGROUND

Petitioner's convictions arise from his conduct in aiding and abetting a home invasion and car theft and receiving stolen property in Detroit, Michigan in December, 2000.  The Michigan Court of Appeals set forth the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> The prosecution alleged that on December 3, 2000, Detroit resident Betty Nunnery locked her home and went to bed at 1 a.m.  The next morning, she noticed that her home was in disarray and her car keys, garage door opener, and her 1997 Chrysler automobile were missing.  She called the police, who soon located the car.  Defendant, among other people, was discovered in a nearby house.  Police testified that when defendant was in custody, he signed a statement that he did not break into or enter the complainant's home, but acted as a lookout for a person named "Mike" while he broke into the home.  Mike obtained toys and other belongings from Nunnery's residence.  Then, Mike and defendant returned to what they referred to as "the drug house."  Mike instructed defendant to watch out for him again and he reappeared a few minutes later with Nunnery's Chrysler automobile and several other items, including a stereo.  Defendant stated that he received a stereo from Mike for payment for acting as a lookout.
>
> Defendant later claimed that this statement was involuntary because he had crack cocaine, marijuana, alcohol, and medication in his system during the interrogation.  Defendant's pretrial motion to suppress the statement was denied.  At trial, defendant testified that he was at "the drug house" consuming those substances all night on December 2 and 3, and that he never went to the complainant's home.  He also stated that at the time of the interrogation, he had not slept in two days, he was not alert, and he was vomiting.  Consequently, defendant testified, he could not recall the specifics of the interrogation, but denied making the incriminating statement.  Defendant acknowledged his signature on the statement, but stated that he did not read the many things he signed that night.  According to defendant, he told the police he was sick, but they insisted he sign the confession and explain what happened, so he did.

*People v. Shepherd*, No. 237799, 2003 WL 21977220, *1-2 (Mich. Ct. App. Aug. 19, 2003) (unpublished).

At the close of trial, the jury convicted Petitioner of first-degree home invasion

with intent to commit larceny, unlawful driving away an automobile, and receiving and concealing stolen property over $1,000 but less than $20,000. The trial court subsequently sentenced him to 10 to 20 years imprisonment on the home invasion conviction and to concurrent terms of three to 10 years imprisonment on the other convictions.

Following sentencing, Petitioner, through counsel, filed an appeal as of right with the Michigan Court of Appeals. Petitioner asserted claims of improper jury instructions, insufficient evidence, prosecutorial misconduct and ineffective assistance of trial counsel. Petitioner also attempted to file a supplemental brief asserting that the trial court violated his rights by refusing to substitute counsel, but his pleading was rejected as untimely. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. *People v. Shepherd*, No. 237799, 2003 WL 21977220 (Mich. Ct. App. Aug. 19, 2003) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising all of his claims, which was denied. *People v. Shepherd*, 676 N.W.2d 631 (2004).

Petitioner initially filed a habeas petition with this court in 2004, which was dismissed without prejudice for failure to fully exhaust state court remedies for one issue. *See Shepherd v. Booker*, No. 04-CV-72660-DT (E.D. Mich. March 18, 2005). Petitioner thereafter filed the present habeas petition deleting the unexhausted claim and raising the following claims as grounds for relief:

 I.  He was denied his constitutional rights when the trial court failed to sua sponte give the jurors an alibi instruction and when trial counsel failed to request such an instruction.

 II.  He was denied his constitutional rights when the trial court coerced the jurors by instructing them to return a unanimous verdict of either not guilty or guilty without an option to disagree and return no

verdict.

III.     He was denied his constitutional rights when the trial court
         erroneously instructed the jury on aiding and abetting.

IV.      He was denied his constitutional rights because the prosecution
         presented insufficient evidence to support his unlawfully driving
         away an automobile receiving and concealing stolen property
         convictions where there was insufficient proof that Petitioner was
         the person who drove away the automobile and that the automobile
         was stolen property.

V.       He was denied his constitutional rights when the prosecutor
         personally vouched for the veracity of witnesses, argued facts not
         in evidence, and expressed a personal belief in Petitioner's guilt.

VI.      He was denied his constitutional rights when the trial court
         instructed the jurors that they might convict him if they were
         satisfied that he was guilty and when the court instructed the jurors
         that if they found that he did not make an incriminating statement
         ascribed to him they should not use the statement.

VII.     He was denied his constitutional rights because there was
         insufficient evidence to support his receiving and concealing stolen
         property conviction where there was no proof that the person who
         drove the automobile away intended to permanently deprive the
         victim of her automobile.

VIII.    He was denied his constitutional right to the effective assistance of
         counsel when trial counsel failed to request an alibi instruction,
         failed to object to an instruction which precluded the jury from
         returning no verdict, failed to object to an erroneous aiding and
         abetting instruction, failed to constrain the prosecutor and the court
         to proceed on the basis that the automobile was not proven to have
         been stolen, failed to object to the prosecutor's misconduct, failed
         to object to the instruction that the jurors should not consider a
         confession improperly obtained, failed to object to an erroneous
         reasonable doubt instruction, and failed to move for a directed
         verdict on the receiving and concealing conviction on the basis that
         the automobile had not been proven to be stolen.

Respondent has filed an answer to the petition asserting that the claims should be

denied based upon procedural default and/or for lack of merit.

4

### III.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner

filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521

U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law, as
>        determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in
>        the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*,

529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he

'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to

'grant the writ if the state court identifies the correct governing legal principle from [the

Supreme] Court but unreasonably applies that principle to the facts' of petitioner's

case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413);

5

*see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

6

## IV.  DISCUSSION

### A.  Jury Instruction Claims

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in instructing the jury by failing to give an alibi instruction, for giving a unanimity instruction without instructing the jury that they could reach no verdict, for giving erroneous aiding and abetting and reasonable doubt instructions, and for improperly instructing the jury on the use of his police statement.  Respondent contends that these claims are barred by procedural default and lack merit.

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir. 1991).  In *Wainwright*, the United States Supreme Court explained that a petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default.  433 U.S. at 85.  In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar.  "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court judgment should be used to make this determination.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).  If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court

7

relied upon the last reasoned opinion.  *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion.  In

denying relief on Petitioner's jury instructions claims, the court relied upon a state

procedural bar: Petitioner's failure to object to these matters at trial.  *See Shepherd*,

2003 WL 21977220 at *1-2, 5.  The failure to make a contemporaneous objection is a

recognized and firmly-established independent and adequate state law ground for

refusing to review trial errors.  *See People v. Carines*, 597 N.W.2d 130 (1999); *People

v. Stanaway*, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722,

750-51 (1991).  Moreover, a state court does not waive a procedural default by looking

beyond the default to determine if there are circumstances warranting review on the

merits.  *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989).  Plain error review

does not constitute a waiver of state procedural default rules.  *See Hinkle v. Randle*,

271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.

2000).  Nor does a state court fail to sufficiently rely upon a procedural default by ruling

on the merits in the alternative.  *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir.

1991).  In this case, the Michigan Court of Appeals denied these claims based upon

Petitioner's failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the

right to federal habeas review absent a showing of cause for noncompliance and actual

prejudice resulting from the alleged constitutional violation, or a showing of a

fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87

F.3d 779, 784-85 (6th Cir. 1996).  In this case, Petitioner alleges the ineffective

assistance of trial counsel as cause to excuse his default.  Petitioner, however, cannot

8

establish that counsel erred or that he was prejudiced as these claims lack merit.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly. *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record. *See Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996).

Additionally, the failure to give a defense instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair. *See Maes v. Thomas*, 46 F.3d 979, 984-85 (10th Cir. 1995); *Nickerson v. Lee*, 971 F.2d 1125, 1137 (4th Cir. 1995). A failure to instruct does not deprive a petitioner of fundamental fairness where the instructions as a whole adequately present the defense theory to the jury. *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas corpus relief. *See Estelle*, 502 U.S. at 71-72.

Petitioner first asserts that the trial court erred in failing to *sua sponte* instruct

9

the jury on the law of alibi. This claim lacks merit. The record reveals that the trial court properly instructed the jury that Petitioner could be found guilty only if the jurors found that he committed the crimes charged. *See* 6/28/01 Trial Tr. pp. 70, 77-82. The jury was well aware of Petitioner's alibi defense given his testimony at trial and defense counsel's arguments. The jury could not have accepted Petitioner's defense without acquitting him under the instructions given by the trial court, and this court must presume that the jury followed the state court's instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987); *see also United States v. Olano*, 507 U.S. 725, 740 (1993). Where, as here, the instructions as a whole adequately convey the defense theory of the case to the jury, a petitioner is not entitled to habeas relief based on the trial court's failure to give a specific instruction. *See, e.g.*, *Rodriguez v. Young*, 906 F.2d 1153, 1166 (7th Cir. 1990). Furthermore, as noted by the Michigan Court of Appeals, an alibi instruction is not necessary when the defendant is charged as an aider and abettor and need not be physically present at the scene when the crime is committed. Such was the case here, particularly as to the UDAA conviction. *See Shepherd*, 2003 WL 21977220 at *6 (discussing why counsel was not ineffective for failing to request an alibi instruction). Petitioner has not established that the trial court's failure to *sua sponte* give an alibi instruction rendered his trial fundamentally unfair.

Petitioner next asserts that the trial court erred in giving a unanimity instruction without instructing the jury that they could reach no verdict. Petitioner has not shown that the unanimity instruction rendered his trial fundamentally unfair. First, the trial court properly instructed the jury that the verdict must be unanimous on each count as a matter of state law. Second, the court specifically instructed the jurors that while they

10

should try to reach an agreement, they should not give up their honest opinions about the case just because others may disagree or for the sake of reaching a verdict. *See* 6/28/01 Trial Tr. p. 83. Third, Petitioner cannot establish that he was prejudiced by the court's instructions as the jurors were polled and indicated their agreement with the verdict. Lastly, the court notes that while Michigan law provides a right to a unanimous verdict in criminal cases, there is no federal constitutional right to a unanimous verdict in criminal cases. *See Apodaca v. Oregon*, 406 U.S. 404, 406 (1972) (state criminal conviction by less than unanimous jury does not violate Sixth Amendment right to trial by jury); *see also Schad v. Arizona*, 510 U.S. 624, 631 (1991). Petitioner has failed to show that the unanimity instruction violated state law or was fundamentally unfair.

Petitioner next claims that the trial court erred in instructing the jury on aiding and abetting. Under Michigan law, one who procures, counsels, aids, or abets in the commission of an offense may be convicted and punished as if he directly committed the offense. *See* Mich. Comp. Laws § 767.39. In this case, the trial court gave Michigan's standard aiding and abetting instruction. *See* 6/28/01 Trial Tr. pp. 81-81. There is no merit to Petitioner's claim that the instruction is somehow confusing or misleading. The trial court properly instructed the jury on aiding and abetting by stating that the jurors must find that Petitioner possessed the same intent as the principle for the crimes charged. The trial court specifically informed the jury that Petitioner must have intended the commission of the crime charged or known that the other persons intended its commission at the time of the giving aid or encouragement, and that the mere fact that he may have been present when the crime was committed is insufficient to find him guilty. The trial court's instruction on aiding and abetting was supported by

11

the evidence at trial, including Petitioner's own police statements. Petitioner has not shown that the trial court's instruction was erroneous or fundamentally unfair.

Petitioner also contends that the trial court erred in instructing the jury that he was entitled to a verdict of not guilty "unless you are satisfied beyond a reasonable doubt that he is guilty." 6/28/01 Trial Tr. p. 70. Petitioner objects to the use of the term "satisfied" and alleges that it diminished the prosecution's burden of proof. This claim is meritless. First, the trial court's statement was made in the context of discussing the presumption of innocence accorded a criminal defendant and was an accurate statement of the law. The trial court clearly informed the jury that Petitioner was presumed innocent until proven guilty; that the prosecution bore the burden of proving that Petitioner guilty beyond a reasonable doubt, and that Petitioner was not required to come forward with any evidence. Second, the trial court gave Michigan's standard reasonable doubt instruction. The Sixth Circuit has held that a such a reasonable doubt jury instruction satisfies due process. *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). Considering the jury instructions in their entirety, the court finds that the trial court properly instructed the jury on the burden of proof and the concept of reasonable doubt and there is no reasonable likelihood that the jury applied those instructions in an unconstitutional manner.

Petitioner also asserts that the trial court erred in instructing the jury about the proper use of his police statement by stating that if they found that Petitioner did not make the statement at all, they "should not consider it." 6/28/01 Trial Tr. p. 75. Petitioner objects to the use of the word "should" and alleges that "must" should have been used. This claim lacks merit. Petitioner's argument is mere semantics – the

12

court's instruction was a proper statement of the law.  Further, the trial court clearly stated that the jurors "cannot consider" such an out-of-court statement as evidence against Petitioner unless they find that he made the statement.  *Id*.  Reasonable jurors would have understood that any reliance upon Petitioner's police statement would be improper if they found that he did not make that statement.  Petitioner has failed to establish that the trial court erred or that the jury instructions, considered as a whole, rendered his trial fundamentally unfair.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995).  "'[A]ctual innocence" means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Petitioner has made no such showing.  His jury instruction claims are thus barred by procedural default, otherwise lack merit, and do not warrant federal habeas relief.

### B. Sufficiency of the Evidence

Petitioner next asserts that he is entitled to habeas relief because the prosecutor presented insufficient evidence to support his UDAA and receiving stolen property convictions.  Respondent contends that these claims lack merit.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court

13

established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *see also Warren*, 161 F.3d at 360.

With regard to the UDAA conviction, Petitioner claims that the prosecution failed to establish that he drove the car and that the car was stolen. Under Michigan law, the elements of UDAA are: (1) possession of a vehicle, (2) driving the vehicle away, (3) the act is done willfully, and (4) the possession and driving away must be done without authority or permission. *See People v. Hendricks*, 503 N.W.2d 689 (1993), *aff 'd* 521 N.W.2d 546 (1994). Additionally, one who procures, counsels, aids or abets in the commission of an offense may be convicted and punished as if he directly committed the offense. *See* Mich. Comp. Laws § 767.39, *People v. Mass*, 628 N.W.2d 540 (2001). To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he gave the aid or encouragement. *See Carines*, 597 N.W.2d at 135.

Applying the *Jackson* standard, the Michigan Court of Appeals concluded that sufficient evidence was presented to support Petitioner's UDAA conviction under an aiding and abetting theory. *See Shepherd*, 2003 WL 21977220 at *2-3. This decision is neither contrary to federal law nor an unreasonable application thereof. First, the record reveals that Petitioner was convicted of UDAA as an aider and abetter.

14

Consequently, the prosecution was not required to prove that Petitioner drove the vehicle at issue--only that he assisted the principal in doing so.  Petitioner's police statement indicates that he acted as a lookout for the principal.  Second, the victim's testimony and Petitioner's police statement established that the car was stolen.  In particular, the victim testified that her car, car keys, and garage door opener were missing from her home and she identified the car recovered by police as the stolen vehicle.  Petitioner also admitted that his cohort, Mike, stole the car in his police statement.  Given such evidence, the court concludes that the prosecution presented sufficient evidence to support Petitioner's UDAA conviction.

With regard to the receiving stolen property conviction, Petitioner claims that the prosecution failed to present evidence that the person who drove the car away intended to permanently to deprive the victim of her property.  The Michigan Court of Appeals considered this claim in the context of the sufficiency of the evidence for the UDAA conviction and found it to be without merit because proof of intent to permanently deprive the owner of the automobile is not required for such a conviction. *Shepherd*, 2003 WL 21977220 at *5.  This is an accurate statement of Michigan law. An intent to permanently deprive the owner of the automobile is not required to establish guilt of UDAA, rather the unauthorized use of the vehicle may be done "wilfully" or "wilfully and wantonly."  *See People v. Hendricks*, 521 N.W.2d 546 (1994).

The Michigan Court of Appeals did not address this issue in the context of the receiving stolen property conviction.  Accordingly, this court must conduct an independent review of the state court's decision.  *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  This independent review requires the federal court to "review the

15

record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* This independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

To convict a defendant of receiving stolen property between $1,000 and $20,000, the prosecution must prove: 1) that the property was stolen, 2) the value of the property, 3) the receiving, possession or concealment of the property by the defendant with the knowledge that the property was stolen, 4) the identity of the property as being that previously stolen, and 5) the constructive or actual knowledge of the defendant that the property received or concealed was stolen. *See* Mich. Comp. L. § 750.535(3)(a); *People v. Quinn*, 557 N.W.2d 151, 153 (1996). Having reviewed the record, this court concludes that the prosecution presented sufficient evidence to support Petitioner's receiving stolen property conviction. The victim's testimony, Petitioner's police statement, and the evidence establishing all of the items which were taken from the victim's home, not merely the automobile, provides sufficient evidence to support Petitioner's conviction. From the evidence at trial, a rational trier of fact could find Petitioner guilty of receiving or concealing stolen property valued between $1,000 and $20,000 beyond a reasonable doubt. Habeas relief is not warranted on this claim.

### C. Prosecutorial Misconduct

Petitioner next asserts that he is entitled to habeas relief because the prosecutor

16

engaged in various instances of misconduct.  The underlying facts are set forth in the

Michigan Court of Appeals' decision as follows:

> Defendant objects to the following relevant portions of the prosecutor's
> closing argument:
>
> [1] The testimony of Emily Waite will show you that the crimes of
> receiving concealing happened, if you believe Officer Waite, and again, I
> believe her testimony was believable.  So if Officer Waite went in there
> and found all the stolen property in the possession of the people in the
> house, that crime happened, too . . . .
>
> [2] . . . I don't know why defendants confess to crime.  I don't know why they
> commit crime.  But thank God, sometimes they confess, and if he didn't confess
> we would never be able to link anybody to Ms. Nunnery's home.
>
> Don't you ever, ever believe that any police officer under these
> circumstances will decide to just pin it on the first guy that he has in his
> hand.  Hey, you, ... you [sic] drunk and you're on cocaine, we're going to
> pin it on you, this way the real home invader ... can break in the next
> home and the next ... 'cause I as a police officer don't care as long as I
> have somebody.  Don't believe that.
>
> Further, defendant objects to the following statements in the prosecutor's
> rebuttal argument:
>
> [3] Who's he trying to take for a ride, who? Defense attorney says he was
> in his own world. I submit to you, ladies and gentlemen, he still is in his
> own world. He's still out there thinking he can do it, get away with it and
> sit up here and tell you it wasn't me . . . .
>
> [4] This man [defendant], really, he's a liar. He sat here and lied to you.
>
> [5] . . . They [the police reports] were not [introduced] into evidence.  We
> only introduce evidence and you only can see evidence as the Rules of
> Evidence allow . . . .
>
> [6] But when somebody breaks in somebody's home when they're
> sleeping, in the safety of their home, there's no witness.  And I can almost
> say thank God she didn't see him in there.  I wouldn't want to think what
> would have happened to Mrs. Nunnery if she saw strangers in her home
> that morning.  I wouldn't want to think.

*See Shepherd*, 2003 WL 21977220 at *3-4 (footnote omitted; numbering and

17

parenthetical material in original).  Respondent contends that these claims are barred by procedural default and lack merit.

As noted, habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *See Wainwright*, 433 U.S. at 85.  Here, the Michigan Court of Appeals rendered the last reasoned opinion discussing the procedural default claims and relied upon Petitioner's failure to object to the prosecutor's conduct in denying relief on those claims.  *See Shepherd*, 2003 WL 21977220 at *3-5.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 753.  As with the jury instruction issues, Petitioner alleges that trial counsel was ineffective as cause to excuse this default.  Petitioner, however, cannot establish that counsel erred or that he was prejudiced because his prosecutorial misconduct claims lack merit.

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights.  *See Macias v.*

18

*Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citations omitted).  First, the court must

determine whether the challenged statements were indeed improper.  *Id.* at 452.  Upon

a finding of impropriety, the court must decide whether the statements were flagrant.

*Id.*  Flagrancy is determined by an examination of four factors: (1) whether the

statements tended to mislead the jury or prejudice the accused, (2) whether the

statements were isolated or among a series of improper statements, (3) whether the

statements were deliberately or accidentally before the jury and (4) the total strength of

the evidence against the accused.  *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717

(6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)).

"[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so

pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so

gross as probably to prejudice the defendant.'"  *Pritchett v. Pitcher*, 117 F.3d 959, 964

(6th Cir. 1997) (citations omitted).

Petitioner first claims that the prosecutor engaged in misconduct by improperly

vouching for the credibility of police witnesses (statements 1 & 2, *supra*).  It is well-

settled that it is improper for a prosecutor to express his or her own personal beliefs

and opinions concerning the credibility of a witness.  *See United States v. Young*, 470

U.S. 1, 9-10 (1985); *United States v. Modena*, 302 F.3d 626, 634 (6th Cir. 2002).  Such

statements are improper because they can convey the impression that the prosecutor

has evidence not presented to the jury which supports the charge against the

defendant thereby infringing upon the defendant's right to be judged solely based upon

the evidence presented and because the prosecutor's opinion carries with it the

imprimatur of the Government and may induce the jury to trust the Government's

19

judgment rather than its own. *See United States v. White*, 58 Fed. Appx. 610, 617-18, 2003 WL 152314, *7 (6th Cir. 2003) (citing cases).

In reviewing this claim for manifest injustice, the Michigan Court of Appeals found that the prosecutor permissibly argued the credibility of the witnesses based upon the evidence and did not reference any special knowledge or prestige of office. *See Shepherd*, 2003 WL 21977220 at *4. This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The record reveals that the prosecutor argued that the police witnesses were worthy of belief based upon their trial testimony and the other evidence at trial. The prosecutor's arguments were based upon reasonable inferences from the evidence. It is well-settled that a prosecutor has leeway to argue reasonable inferences from the evidence. *See, e.g., Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000). The prosecutor did not impermissibly vouch for the witnesses' credibility.

Petitioner relatedly asserts that the prosecutor engaged in misconduct by expressing a personal belief in his guilt of the charged offenses (statements 3 & 4, *supra*). The Michigan Court of Appeals ruled that the prosecutor's comments on Petitioner's credibility were proper and were based upon the inconsistencies between his police statement and his trial testimony. *See Shepherd*, 2003 WL 21977220 at *4. This court agrees and concludes that the state court decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. It is well-established that a prosecutor may argue from the facts that a witness, including a testifying defendant, is not worthy of belief. *See, e.g, Portuondo v. Agard*, 529 U.S. 61, 69 (2000). While the prosecutor vigorously advocated the state's case and used

20

strong language at times, the prosecutor based closing arguments on the evidence and did not impermissibly express a personal belief in Petitioner's guilt.

Petitioner also claims that the prosecutor engaged in misconduct by arguing facts not in evidence (statements 5 & 6, *supra*).  It is well-settled that it is misconduct for a prosecutor to misstate the evidence or to assume the existence of prejudicial facts not in evidence.  *See Darden v. Wainwright*, 477 U.S. 168, 182 (1986); *United States v. Everett*, 270 F.3d 986, 993 (6th Cir. 2001).  However, a prosecutor has leeway to argue reasonable inferences from the evidence presented at trial.  *See Byrd*, 209 F.3d at 535.  In reviewing this claim for manifest injustice, the Michigan Court of Appeals found that the prosecutor's statement on evidentiary law was accurate and that the remaining remark was not unfairly prejudicial.  *See Shepherd*, 2003 WL 21977220 at *5.  This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The prosecutor's evidentiary comment was accurate and the other argument was a reasonable comment on the facts.  Further, even that comment was improper, it was not so flagrant as to render the trial fundamentally unfair, particularly given the evidence of guilt presented at trial.  Petitioner has thus failed to show that the prosecutor engaged in misconduct which would warrant relief from this court.

Further, as discussed *supra*, Petitioner has not established that a fundamental miscarriage of justice has occurred.  *See Schlup,* 513 U.S. at 324-27; *see also Bousley*, 523 U.S. at 624.  His prosecutorial misconduct claims are thus barred by procedural default, otherwise lack merit, and do not warrant federal habeas relief.

### D.  Ineffective Assistance of Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the alleged improper jury instructions and prosecutorial misconduct.  Respondent contends that this claim lacks merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel.  First, a petitioner must  prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  466 U.S. at 687.  Second, the petitioner must establish that the deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.  *Id.* at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  *Id.*  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that

22

the [proceeding] cannot be relied on as having produced a just result." *McQueen v.*
*Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals concluded that
Petitioner had not established that defense counsel was ineffective.  *See Shepherd*,
2003 WL 21977220 at *5-7.  Having reviewed the matter, this court finds that the
decision of the Michigan Court of Appeals is neither contrary to *Strickland* nor an
unreasonable application of federal law or the facts.  Petitioner cannot establish that
defense counsel was deficient and/or that he was prejudiced by counsel's conduct at
trial in light of the court's determination, *supra*, that the foregoing claims lack merit.
Further, given the significant evidence of guilt presented at trial, namely Petitioner's
police statement, Petitioner cannot establish that he was prejudiced by counsel's
conduct.  Habeas relief is not warranted on this claim.

## V.  CONCLUSION

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [Dkt # 1] is
DENIED and DISMISSED WITH PREJUDICE.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 20, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522